## ISAAC DANIELS

*v.*

## GUSTAVUS HILGARD.

1. CONSTITUTIONAL LAW—*police regulation in respect to mines and collieries.* The legislature has power, under the constitution, to establish reasonable police regulations for the operating of mines and collieries, and the "act providing for the health and safety of persons employed in coal mines," R. S. 1874, which requires the owner or agent of every coal mine or colliery employing ten men, or more, to make or cause to be made an accurate map or plan of the workings of such coal mine or colliery, etc., is not unconstitutional.

2. SAME—*question whether a requirement is a police regulation, is a legislative one.* The question, whether certain requirements are a part of a system of police regulation adapted to aid in the protection of life and health, is properly one of legislative determination, and a court should not lightly interfere with such determination, unless the legislature has manifestly transcended its province.

3. PARTIES. Under section 2 of the "act providing for the health and safety of persons employed in coal mines," R. S. 1874, where the county surveyor, who was *ex officio* inspector of mines in his county, through his deputy, prepares a map of the workings of a coal mine, on the neglect of the owner or agent to do so, the former may maintain an action to recover the cost of the same in his own name. It is not necessary to sue in the name of the deputy doing the work.

4. MAP OF MINE—*who to be satisfied.* It is no defense to such suit that the map made is not such as the law requires. If the inspector, in the

performance of his official duty, has caused to be made a map, which he accepts as sufficient under the law, the owner of the mine will have no cause of complaint.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a suit brought by Gustavus Hilgard, against Isaac Daniels, before a justice of the peace of St. Clair county, to recover the cost of making a map or plan of a coal mine operated by the defendant as superintendent. The plaintiff recovered before the justice $92 and costs, and the defendant appealed the case to the circuit court, where a trial was had before the court without a jury, resulting in a judgment in favor of the plaintiff for $42 and costs. To reverse this judgment, the defendant brought the case to this court by appeal.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Mr. N. NILES, and Mr. J. M. DILL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action, brought under the second section of the "act providing for the health and safety of persons employed in coal mines," Rev. Stat. 1874, p. 704, to recover the cost of causing to be made a map or plan of a certain coal mine or colliery in St. Clair county, in this State. The first section of the act requires that the owner or agent of every coal mine or colliery in this State employing ten men, or more, shall make, or cause to be made, an accurate map or plan of the workings of such coal mine or colliery, etc., and deposit a copy thereof with the inspector of mines, and also with the recorder of the county. The second section provides, that upon neglect or refusal to furnish the inspector of mines and recorder with such map or plan, the inspector of mines is authorized to cause the map or plan to be made at the expense of the owner or agent, and that the cost thereof

41—77TH ILL.

may be recovered from the owner or agent by suit in the name of the inspector and for his use.

There having been a failure here, by the owner or agent, to make and furnish this map or plan, Hilgard, the county surveyor of St. Clair county, and *ex officio* inspector of mines within his county, caused the map or plan to be made, and brought this suit against Daniels, the superintendent, for the cost, and recovered $42. Daniels brings this appeal.

It is first objected that Hilgard, the plaintiff, incurred no expense, and did no work, and therefore has no cause of action. But he ordered Ropiequet, his deputy, to do the work, who accordingly did it, and we are of opinion Hilgard properly brings the suit, he having performed the service by his agent.

It is next objected, that the map is not such an one as the law requires. But it is such an one as Hilgard, in the performance of his official duty under the statute, has caused to be made, and has accepted as sufficient, so that it answers the purpose of the map or plan required by the statute, and the defendant has no cause of complaint.

But the principal ground of defense made is, that the first and second sections of the act are unconstitutional. Appellant's counsel do not question the right of the legislature to establish police regulations for the operating of mines, but impliedly concede that, and say, that, admitting the constitutionality of all parts of the act which provide for the health and safety of miners, yet they insist that these two sections in relation to making and furnishing a map, are not police regulations, but simply arbitrary provisions, which have no tendency to protect health or life, and that they compel land owners to make expensive maps for the mere convenience of their neighbors. Experience has demonstrated the necessity of establishing police regulations in regard to the working of coal mines, in order to the protection of the health and safety of persons employed therein. Other legislative bodies, as, the parliament of Great Britain, and the

legislature of Pennsylvania, have been led to enact similar laws upon this same subject; and in their acts for the object of providing for the health and safety of those employed in coal mines, are contained the like provisions for the making of maps.

The Pennsylvania statute, passed March 3, 1870, may be found in Brightly and Purdon's Dig. vol. 2, p. 1067, and reference to the British statutes passed in the years 1860–61, may be found in Bainbridge on Mines and Minerals, 645. Our legislature, in an act having for its avowed object the providing for the health and safety of persons employed in coal mines, has thought it proper to incorporate this provision for the making of a map. The law-making powers elsewhere, as it is seen in their laws for the same object, have adopted this same provision. This would seem to indicate as the legislative understanding, that the provision is one in aid of the accomplishment of the purpose of such acts—the protection of persons engaged in such mines; a proper part of the system adopted to that end. The question is properly one of legislative determination.

A court should not lightly interfere in such case. The legislature must have manifestly transcended its province, for it to do so. We are of opinion that it is not for a court to to say, that the provision here, which is called in question, is anything more than a fair and reasonable police regulation with reference to the subject matter of the act, which the legislature, in its, discretion, has seen proper to adopt; and that it should not be set aside as unconstitutional.

The judgment will be affirmed.

*Judgment affirmed.*